Thomas *vs.* Johnson.

---

RANDAL THOMAS, plaintiff in error, *vs.* JAMES S. JOHNSON, deputy sheriff, defendant in error.

An execution was levied on cotton by the sheriff; on the day of the levy, by agreement of plaintiff and defendant in *fi. fa.*, the cotton was turned over to the former to be credited on the execution. About five days after this transaction, notice was given to the sheriff by an attor-

ney for another plaintiff in *fi. fa.* not to pay over the proceeds of the sale of the cotton to the owner of the execution first levied, as he claimed it on a *fi. fa.* of superior dignity:

*Held,* that a rule against the sheriff at the instance of the second plaintiff in execution was properly discharged.

Sheriff. Rule against officer. Execution. Before Judge POTTLE. Oglethorpe Superior Court. April Term, 1874.

For the facts of this case, see the decision.

J. D. MATHEWS, by brief, for plaintiff in error.

LUMPKIN & OLIVE, by brief, for defendant.

WARNER, Chief Justice.

This was a rule against the sheriff calling upon him to show cause why he should not pay the amount of Thomas' *fi. fa.* The sheriff, in his answer to the rule, (which was not traversed,) states that he levied a *fi. fa.* in favor of Stokely upon some seed cotton as the property of Brittain, the defendant therein; that on the same day the levy was made, Stokely's agent being present, the cotton was, by agreement of the defendant and plaintiff's agent, turned over to the plaintiff, the same to be credited on plaintiff's *fi. fa.* About five days after this transaction, Thomas' attorney notified the sheriff not to pay over the proceeds of the sale of the cotton to Stokely, as he claimed it on a *fi. fa.* in favor of Thomas against Brittain, the defendant, of superior dignity. This notice was not accompanied by the execution, and was given five days after the cotton levied on had been, by the consent of the parties, turned over to the plaintiff in *fi. fa.* to be credited thereon, the sheriff having no notice of Thomas' *fi. fa.,* as the same was never placed in his hands for collection. The court, on hearing the answer of the sheriff, discharged the rule, and the counsel for Thomas excepted.

We find no error in the ruling of the court, on the statement of facts disclosed by the answer of the sheriff. The defendant in the Stokely *fi. fa.* had the unquestionable right

to pay it either in money or in seed cotton, if the plaintiff was willing to accept the cotton in payment thereof. If the cotton levied on paid the *fi. fa.* placed in the sheriff's hands for collection, that was a satisfaction of it, at least to the value of the cotton which the plaintiff consented to receive, and the sheriff would not be liable to other parties unless their claims had been in his hands at the time. If Thomas' *fi. fa.* was, in fact, of superior dignity to Stokely's, and had been in the sheriff's hands at the time of the alleged settlement of Stokely's *fi. fa.* by the defendant, it would have presented a different question.

Let the judgment of the court below be affirmed.